UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THE BOARD OF TRUSTEES OF THE
SOUTHERN CALIFORNIA IBEW-NECA
DEFINED CONTRIBUTION PLAN, on behalf of
itself and all others similarly situated,

                              Plaintiff,

              - against -

THE BANK OF NEW YORK MELLON
CORPORATION, et al.,

                             Defendants.
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/7/10

09 Civ. 6273 (RMB) (AJP)

**DECISION & ORDER**

## I. Background

Before the Court are two motions: (i) Plaintiff's motion, dated May 12, 2010, to alter or amend the judgment in this case, which was entered in favor of Defendants on April 15, 2010 ("Judgment"); and (ii) Defendants' motion, dated May 26, 2010, for attorneys' fees and expenses. (See (Pl.'s Mot. to Alter, Amend or Grant Relief from Order of Dismissal [#65], dated May 12, 2010 ("Pl.'s Mot."); Defs.' Opp'n to Pl.'s Mot. & Mot. for Att'ys' Fees & Litig. Expenses [#67], dated May 26, 2010 ("Defs.' Mot.").) **For the reasons that follow, Plaintiff's motion is granted and Defendants' motion is denied without prejudice.**

By way of background, Plaintiff filed its initial complaint in this matter on July 13, 2009. (See Compl. [#1], dated July 13, 2009.) On September 30, 2009, Defendants, in accordance with this Court's Individual Practices, filed a pre-motion letter seeking leave to file a motion to dismiss the Complaint and explaining the grounds for dismissal in some detail. (See Ltr. from Christopher E. Duffy to Hon. Richard M. Berman [#24], dated Sept. 30, 2009 ("Pre-Motion Letter").) A pre-motion conference was held on October 15, 2009, at which the Court offered

Plaintiff the opportunity to amend the Complaint prior to any motion practice, in light of Defendants' pre-motion Letter. And, on October 29, 2009, Plaintiff accepted the offer and filed an Amended Complaint. (See Am. Class Action Compl. [#27], dated Oct. 29, 2009 ("Am. Compl.").) What exactly was said at the October 15 conference about whether Defendant's motion, if successful, was to be granted with prejudice is in dispute.

On November 9, 2009, Defendants moved to dismiss the Amended Complaint "with prejudice" given that Plaintiff had notice of Defendants' contentions and had already amended its original pleading. (See Mem. of Law in Supp. of Mot. to Dismiss Am. Compl. [#30], dated Nov. 9, 2009 ("Defs. MTD Brief"); see also Mot. to Dismiss Am. Compl. [#29], dated Nov. 9, 2009 ("Notice of Motion").) On December 8 and December 23, 2009, Plaintiff filed memoranda in opposition to the motion to dismiss and did not, at that time, seek leave to further amend the Amended Complaint. (Mem. of Law in Opp'n to Mot. to Dismiss Am. Compl. [#34], dated Dec. 8, 2009 ("Pl. MTD Opp'n"); Notice of Supplemental Authority [#41], dated Dec. 23, 2009; see also Ltr. from Stephen R. Astley to Hon. Richard M. Berman [#76], dated Oct. 7, 2009 ("Pre-Motion Letter Reply").)

Thereafter, by Decision and Order dated April 14, 2010 ("April 14 Order"), the Court granted Defendants' motion to dismiss the Amended Complaint for failure to state a claim under (either) Section 404 or 406 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA"). (See Decision & Order [#59], dated Apr. 14, 2010.) The April 14 Order noted, among other things, that "Plaintiff's allegation that there was, in hindsight, a loss of principal from the investment of the Plan's collateral in the Lehman floating rate note is not, without further 'factual enhancement,' sufficient to sustain a claim under ERISA §§ 404 or 406." (April 14 Order at 9.) In accordance with this Court's practice, the April 14 Order directed the

Clerk of Court to close the case – which the Clerk of Court did the following day, entering judgment in favor of Defendants. (See April 14 Order at 16; Judgment [#60], dated Apr. 15, 2010.)

On May 12, 2010, Plaintiff filed one of the instant motions, seeking relief from the Judgment pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") so that it might file a Second Amended Complaint pursuant to Fed. R. Civ. P. 15. Plaintiff has submitted, along with its motion, a proposed Second Amended Complaint. (See Pl.'s Mot. Ex. 2 (Proposed Second Am. Compl., dated May 12, 2010).) On May 26, 2010, Defendants filed an opposition to Plaintiff's motion arguing, among other things, that "[o]n October 15, 2009, the Court held a conference [and] informed Plaintiff's counsel that it could file an amended pleading" and that because Plaintiff was being given that opportunity and, in fact, took that opportunity, "any dismissal of the amended pleading would be with prejudice." (Defs.' Mot. at 1.) Oral argument was held on July 15, 2010. (See Tr. of Proceedings [#79], dated July 15, 2010 ("7/15/10 Tr.").)

Although there exists no transcript of the October 15, 2009 pre-motion conference, it was this Court's intention – and understanding – that if Plaintiff filed an amended pleading with full knowledge of Defendants' legal position – which it did following the October 15 conference and before motion practice commenced – any dismissal of the Amended Complaint would be with prejudice. All three attorneys who appeared on behalf of Defendants at the pre-motion conference on October 15, 2009 – Christopher Duffy, Damien Marshall, and Vincent Liu – have filed declarations affirming that this was their understanding, as well. (See Decl. of Christopher E. Duffy, dated May 26, 2010 ("Duffy Decl."), ¶¶ 5, 7 ("During the conference, Judge Berman stated in substance that, based on [Defendants'] pre-motion letter, Plaintiff's counsel was aware

3

of the arguments that [Defendants] would make in support of [their] motion to dismiss the then-operative complaint, and that Plaintiff therefore could file an amended complaint to try to deal with the points that [Defendants] had made in [their] pre-motion letter. Judge Berman stated to Plaintiff's counsel in substance that if [Defendants] subsequently filed a successful motion to dismiss Plaintiff's pleading, the resulting dismissal would be with prejudice."); Decl. of Damien J. Marshall, dated May 26, 2010, ¶¶ 3–4 (same); Decl. of Vincent Y. Liu, dated May 26, 2010, ¶¶ 3–4 (same).) Indeed, Plaintiff's counsel, Mr. Stephen Astley, has conceded on more than one occasion, including in his (undated) declaration filed May 12, 2010 and at oral argument on July 15, 2010, that he understood that the purpose of this Court's pre-motion conference on October 15, 2009 – and of giving Plaintiff the opportunity to amend its complaint – was to "avoid repetitive rounds of motion to dismiss briefing." (Pl.'s Mot. Ex. 1 (Decl. of Stephen R. Astley, undated ("Astley Decl.")), ¶ 8.)[1]

But, both Mr. Astley and his colleague, Robert Izard, have submitted sworn declarations stating that "Plaintiff was not informed that by choosing to amend the complaint, any order of dismissal would thereby be made with prejudice." (See Astley Decl. ¶ 8; Pl.'s Reply Mem. of Law [#73], dated June 9, 2010 ("Pl.'s Reply"), Ex. 2 (Decl. of Robert Izard, dated June 8, 2010 ("Izard Decl.")), ¶ 3 (same).) Mr. Astley contended at oral argument on July 15, 2010 that it was

---

[1] See 7/15/10 Tr. at 2:25–3:22 ("THE COURT: I thought, do think, and counsel for the defense felt the same way . . . , that we were not going to have repetitive rounds of motion, amendment, motion, amendment, which is exactly what you're proposing that we do do. And I thought we had resolved that issue. And you have said as much in your papers. MR ASTLEY: That's only partially accurate, your Honor. THE COURT: Well let me tell you what you did say. In the Astley Declaration – this is a quote from you, not from me – it said, 'With the aim of avoiding repetitive rounds of motion-to-dismiss briefing where Plaintiff may later seek to amend the Complaint, at the status conference the Court suggested that Plaintiff amend its Complaint in light of the points advanced in the Defendants' motion to dismiss pre-motion correspondence to the Court.' MR. ASTLEY: Yes, your Honor. But the difference is that was with the aim of avoiding repetitive rounds of motion-to-dismiss briefing. THE COURT: So if you're here again, why didn't we avoid it? MR. ASTLEY: Sure, your Honor. We gave it our best effort.").)

4

his understanding that in filing an Amended Complaint, it was "with the aim of avoiding repetitive rounds of" motion practice. Per Mr. Astley, the Court's April 14 Order dismissing the Amended Complaint indicated only that Plaintiff had failed in its first attempt at avoiding multiple rounds of motion practice; it did not stand as a bar to further amendment. (7/15/10 Tr. at 3:16-25.) On this record, Plaintiff should have been fully aware of the Court's view that Defendants' motion to dismiss, if granted, would be granted with prejudice.

## II. Legal Standard & Analysis

**Plaintiff's Motion**

Although the Court finds it difficult to believe that Plaintiff's counsel could have reached the conclusion that they have, in the absence of a transcript of the pre-motion conference of October 15, 2009, and in light of the sworn affidavits of Mr. Astley and Mr. Izard – which, if rejected, would be tantamount to concluding that Plaintiff's counsel submitted false declarations to the Court – the Court is constrained to grant Plaintiff the right to re-plead. Rule 15 provides that the Court "should freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15; see Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991); see also State Trading Corp. of India, Ltd v. Assuranceforeningen Skuld, 921 F.2d 409, 418 (2d Cir. 1990) ("When the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion [to disallow repleading] more exactingly."); In re Integrated Res. Real Estate Ltd. P'ships Sec. Litig., 815 F. Supp. 620, 672 (S.D.N.Y. 1993).

Because the Judgment was entered by the Clerk of Court on April 15, 2010 – that is, prior to the filing of Plaintiff's motion – leave to replead at this time can only be granted if the Judgment is first vacated or set aside pursuant to Rule 59(e) or 60(b). See Ruotolo v. City of

New York, 514 F.3d 184, 191 (2d Cir. 2008). Rule 59(e) allows a party to file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment," which Plaintiff has done. Fed. R. Civ. P. 59(e). Rule 60(b)(2) requires that a party present "newly discovered evidence that, with reasonable diligence, could not have been discovered in time," and that the evidence be "of such importance that it probably would have changed the outcome" of the previous decision. United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001); Fed. R. Civ. P. 60(b)(2).

There is debate over whether the evidence is "new" or would change the outcome of the April 14 Order. Plaintiff contends that "Defendant produced over 5.5 million pages of documents, yet those documents did not become fully searchable until March 2010," and that "despite Plaintiff's strong efforts and due diligence, the sheer volume of pages [was] impossible to organize and present to the Court prior to its ruling" on April 14. (See Pl.'s Mot. at 15.) Plaintiff also argues that the evidence reveals that Defendants were "acutely aware of the tremendous uncertainty surrounding Lehman's financial stability, including the fact that [Defendants'] investments in Lehman were too risky to be maintained in the collateral preservation accounts of its securities lending clients," and "would undoubtedly change the outcome" of the April 14 Order. (Pl.'s Mot. at 16.) Defendants contend that because Plaintiff was in possession of the documents and "evidence" upon which it now seeks to rely prior to the Order, those documents do not constitute "newly discovered evidence." (See Defs.' Mot. at 9 (the evidence "was included among Defendants' document productions, and was in Plaintiffs possession well in advance of April 15, 2010"); 7/15/10 Tr. at 29:8-20 ("MR. DUFFY: [T]he newly discovered evidence point, again, is not well taken. It simply didn't come to Plaintiff after April 15, 2010. They had it before then. They say very carefully in their briefs that they were

6

unable to organize, to present it in a certain fashion . . . prior to April 15. But possession is very important here, as the Plaintiff acknowledges.").) In any event, according to Defendants, the evidence "would not have changed the Court's ruling on the motion to dismiss and is cumulative to the allegations already advanced by the Plaintiff [in the first Amended Complaint, dated October 29, 2009] and rejected by the Court." (See Defs.' Mot. at 1, 7.)

Plaintiff presents, through the declarations of Mr. Astley, Alina Davis, and Christine Milliron, evidence that Plaintiff undertook "reasonable diligence" to review the voluminous documents produced by Defendants – specifically, "dedicat[ing] between 10 and 40 full-time attorneys to the review." (Decl. of Alina Davis, dated June 9, 2010 ("Davis Decl."), at ¶ 3; see Decl. of Christine Milliron, undated (filed June 9, 2010) ("Milliron Decl.").) Both Mr. Astley and Ms. Davis state that "the documents . . . referenced in the [proposed Second Amended Complaint] were not discovered by Plaintiff until after April 15, 2010," the date on which judgment was entered. (See Davis Decl. ¶ 13); see also Kurzweil v. Philip Morris Companies, Inc., Nos. 94 Civ. 2373, 94 Civ. 2546, 1997 WL 167043, at *4 (S.D.N.Y. Apr. 9, 1997).

The Court, recognizing that "all doubts should be resolved in favor of those seeking relief under Rule 60(b)," and without definitively deciding that the evidence is new and/or would change the outcome, feels there is a sufficient record supporting repleading and is constrained to find that the conditions of Rule 60(b)(2) are met. See Davis v. Musler, 713 F.2d 907, 915 (2d Cir. 1983); see also Kurzweil, 1997 WL 167043, at *4.

7

**Defendants' Motion**

As for Defendants' motion for fees, Defendants contend that Article V.1(b) of a Securities Lending Agreement and Guaranty, entered into on or about May 29, 1998 between Plaintiff and Defendants' predecessor, The Bank of New York, entitles Defendants to recover "reasonable attorneys' fees and expenses incurred during the successful defense of this action." (See Defs.' Mot. at 18.) Plaintiff contends that Article V.1(b) "must be limited to only those actions involving third-party claims" and is inapplicable here. (See Pl.'s Reply at 9–10.) Because Plaintiff's motion to vacate the April 15 Judgment is granted, Defendants' motion for fees and expenses is denied without prejudice to its being refiled at a later date, if appropriate.

## III. Conclusion

For the reasons stated herein, Plaintiff's motion [#65] is granted and Defendants' motion [#67] is denied without prejudice. The Clerk of Court is respectfully requested to vacate the judgment entered April 15, 2010 [#60] and to reopen this case.

Plaintiff is directed to file a Second Amended Complaint within two weeks of the date of this Order. It is the Court's understanding, based on the transcript of a conference held on February 5, 2010 by United States Magistrate Judge Andrew J. Peck, that all discovery will be completed by September 30, 2010. Defendants have stated that Plaintiff "will be unable to demonstrate any reason for additional discovery beyond" the 5.5 million pages already produced, (Ltr. from Christopher E. Duffy to Hon. Richard M. Berman [#82], dated Apr. 30, 2010, at 2), and Plaintiff, while "not conced[ing] this point," concedes that "significant resources have already been expended in an effort to" meet the September 30 deadline and that "Defendant would not be required to employ additional resources outside of what was originally anticipated." (Pls.' Mot. at 12.) The Court perceives no need for another round of motion to

8

dismiss practice following discovery. If Defendants wish to file a dispositive motion against the Second Amended Complaint, it should be for summary judgment pursuant to Rule 56. The conference previously scheduled for September 9, 2010 is hereby vacated.

Dated: New York, New York
      September 7, 2010

                                                                            _RMB_
                                                  **Richard M. Berman, U.S.D.J.**