# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7TH FLOOR • NEW YORK, NY 10022 • PH 212.446.2300 • FAX 212.446.2350

February 21, 2011

**VIA FACSIMILE**

The Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> Plaintiff to respond with brief letter by 2/22/11 at 3 PM (by fax).
>
> SO ORDERED:
> Date: 2/22/11
> Richard M. Berman, U.S.D.J.

Re:  *Bd. of Trustees of S. Cal. IBEW-NECA Defined Contribution Plan v. Bank of N.Y. Mellon Corp.*, No. 09-CV-6273 (RMB) (AJP) (S.D.N.Y.)

Your Honor:

I write on behalf of The Bank of New York Mellon (the "Bank") in response to the telephone request from the Court's Chambers today seeking clarification of the reason why the claims asserted by the Bank in this case were made by way of crossclaim.

In initiating this lawsuit, plaintiff Board of Trustees brought its claims on behalf of the participants Southern California IBEW-NECA Defined Contribution Plan (the "Plan"). The Bank of New York Mellon subsequently brought claims against the Board of Trustees, also on behalf of the Plan. The Plan is thus a primary party in interest here, as it will receive any recovery that may result from a judgment of this Court.

The Bank brought its claims as crossclaims because, like the claims brought by the Board of Trustees, the Bank's claims seek to allocate among co-fiduciaries to the Plan (*i.e.*, the Board of Trustees and the Bank), liability and damages that may be recoverable by the Plan for the same alleged injury (*i.e.*, losses stemming from an investment in a Lehman Brothers bond). Thus, this case presents the unusual circumstance where parties on both sides of the "v." have lodged claims in a representative capacity for a third party. Because the Bank and the Board of Trustees each face potential liability not to each other, but to the same third party (*i.e.*, the Plan), and because that potential liability arises from the same transaction (*i.e.*, the investment of Plan assets in the Lehman Brothers bond), it was our conclusion that the Bank and the Board of Trustees are co-parties under Fed. R. Civ. P. 13(g), such that a crossclaim was the appropriate vehicle to bring the Bank's claims. To the extent the Court does not share this view, we respectfully request leave to have the crossclaims deemed as counterclaims instead, and of course will take whatever steps the Court may deem necessary to amend them.

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 2/22/11

Respectfully submitted,

Christopher E. Duffy

cc: Stephen R. Astley

WWW.BSFLLP.COM