UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THE BOARD OF TRUSTEES OF THE :
SOUTHERN CALIFORNIA IBEW-NECA :
DEFINED CONTRIBUTION PLAN, on behalf of :
itself and all others similarly situated, :
   :
                        Plaintiff, :
   :   09 Civ. 6273 (RMB) (AJP)
        - against - :
   :   **ORDER**
THE BANK OF NEW YORK MELLON :
CORPORATION, et al., :
   :
                        Defendants. :
------------------------------------------------------------x

**I.    Background**

By letter, dated March 8, 2011, the Board of Trustees of the Southern California IBEW-NECA Defined Contribution Plan ("Plaintiff") filed an Objection, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), to United States Magistrate Judge Andrew J. Peck's February 24, 2011 Order ("Order") relating to a Fed. R. Civ. P. 30(b)(6) deposition. (Ltr. to the Ct., dated Mar. 8, 2011 ("Pl. Ltr."), at 3; see Tr. of Conf. before Hon. Andrew J. Peck, dated Feb. 24, 2011 ("Tr."), at 28:18-25 (JUDGE PECK: "[Plaintiff will] tell [Defendant] which, up to, but not greater than, seven topics [Plaintiff] needs somebody else on, and the deposition will take place as soon as possible.").) The Bank of New York Mellon ("Defendant") opposed the Objection by letter dated March 14, 2011. (Def. Ltr. to the Ct., dated Mar. 14, 2011 ("Def. Ltr.").)

Plaintiff argues, among other things, that Judge Peck's Order was "clearly erroneous" because Plaintiff "is entitled to an adequately prepared witness for each of [its] 33 noticed 30(b)(6) topics," rather than the seven topics authorized by Judge Peck. (Pl. Ltr. at 1, 3.)

Defendant counters, that "Plaintiff fails to inform the Court . . . that [Judge Peck's] Order was entered with consent by both parties." (Def. Ltr. at 1.)

In fact, the parties appeared before Judge Peck on February 24, 2011 to resolve their dispute regarding an "unprepared" 30(b)(6) deponent and agreed that Plaintiff would take another 30(b)(6) deposition limited to seven topics (not covered by previous fact witnesses), as follows:

> JUDGE PECK: [I]f another 30(b)(6) deposition is to occur . . . which of these [topics] do you still need information on? . . .
>
> PL. COUNSEL: Sir, I understand what the [c]ourt is suggesting, and if you would like me to evaluate the . . . topics now and do that I will. . . .
>
> JUDGE PECK: . . . I'm thinking somewhere between five and ten . . . . Do you think if we split that baby and say seven, for lack of any more scientific method, that the two of you could then work it out? . . .
>
> DEF. COUNSEL: . . . **Seven is a fine number for us**.
>
> PL. COUNSEL: **Seven is fine**.

(Tr. at 25-12–26:25 (emphasis added).)

## II.   Legal Standard

"A magistrate's resolution of pretrial discovery disputes is entitled to substantial deference and may not be disturbed by a District Court in the absence of a finding that the magistrate's determination was 'clearly erroneous or contrary to law.'" Dubin v. E.F. Hutton Grp., Inc., 125 F.R.D. 372, 373 (S.D.N.Y. 1989); see Fed. R. Civ. P. 72(a); Weiss v. La Suisse, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001) ("An order is clearly erroneous only when the reviewing court, on the entire evidence is left with the definite and firm conviction that a mistake has been committed" and "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure.").

An agreement made on the record in open court as a matter of law demonstrates the parties' intent to be bound by the agreement. Francis v. Home Box Office, Inc., No. 04 Civ. 7430, 2005 WL 1020863, at *3 (S.D.N.Y. Apr. 28, 2005).

### III.     Analysis

Plaintiff's Objection is respectfully denied.

First, Plaintiff consented to and is bound by Judge Peck's Order. (See Tr. at 26:17 (PL. COUNSEL: "Seven is fine.")); Francis, 2005 WL 1020863 at *3; Aguiar v. New York, No. 06 Civ. 3334, 2008 WL 4386761, at *10 (S.D.N.Y. Sept. 25, 2008) (parties are bound by an "agreement on the record in open court"); Powell v. Omnicom, 497 F.3d 124, 131 (2d Cir. 2007). And, Plaintiff's contention in a reply letter, dated March 15, 2011, that it "understood from the Order that it could take additional 30(b)(1) [fact witness] depositions [as opposed to one additional 30(b)(6) deposition] in March" is contrary to the record. (Pl. Ltr. to the Ct., dated Mar. 15, 2011; see Tr. at 30:5-12 (JUDGE PECK: "If . . . you are saying [you] want to depose someone [after the close of discovery], as they say in Brooklyn, 'fuggetaboutit.' It is too late to pull somebody in at the last minute. . . . Taking the 30(b)(6) deponent on the seven topics on the schedule I have just ordered is fine, even though it's past February 28.").)

Second, Judge Peck was well within his discretion in resolving the instant discovery dispute as he did, and the Order finds "reasonable support in the record." Lyondell-Citgo Refining, LP v. Petroleos de Venezuela, No. 02 Civ. 795, 2004 WL 2698218, at *3 (S.D.N.Y. Nov. 19, 2004); Bogan v. Northwestern Mut. Life Ins. Co., 163 F.R.D. 460, 463 (S.D.N.Y. 1995). Accordingly, Judge Peck's Order is neither "clearly erroneous" nor "contrary to law." See Weiss, 161 F. Supp. 2d at 321; Flaherty v. Filardi, No. 03 Civ. 2167, 2009 WL 749570, at

3

*19 (S.D.N.Y. Mar. 20, 2009) (The "clearly erroneous" standard is "highly deferential, and

magistrate judges are afforded broad discretion in resolving non-dispositive disputes.").

## IV.     Conclusion

Judge Peck's February 24, 2011 Order is affirmed.

Dated:  New York, New York
        March 24, 2011

_____
**RICHARD M. BERMAN, U.S.D.J.**

\*19 (S.D.N.Y. Mar. 20, 2009) (The "clearly erroneous" standard is "highly deferential, and magistrate judges are afforded broad discretion in resolving non-dispositive disputes.").

## IV.     Conclusion

Judge Peck's February 24, 2011 Order is affirmed.

Dated: New York, New York
       March 24, 2011

*RMB*

_____
**RICHARD M. BERMAN, U.S.D.J.**

4