# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7TH FLOOR • NEW YORK, NY 10022 • PH. 212.446.2300 • FAX 212.446.2350

October 19, 2012

**VIA HAND DELIVERY**

MEMO ENDORSED
p4

The Honorable Richard M. Berman
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

RECEIVED
OCT 22 2012
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/23/2012

Re: *Bd. of Trustees of S. Cal. IBEW-NECA Defined Contribution Plan v. Bank of N.Y. Mellon Corp.*, No. 09-CV-6273 (RMB)

Your Honor:

We write on behalf of defendants The Bank of New York Mellon, BNY Mellon, N.A., and The Bank of New York (together, "BNY Mellon"). Pursuant to Rule 2.A of the Court's Individual Practices, we submit this letter seeking Your Honor's permission to file an anticipated motion to exclude evidence relating to actions taken by BNY Mellon outside of its securities lending program. Defendants believe that resolution of this motion will assist the parties' assessment of the case's settlement value and facilitate a resolution of the case.

"As a diversified financial services organization," BNY Mellon "faces unique challenges in complying with legal prohibitions on insider trading" because one business unit "might have inside information about a company while other units may have a desire, or even a fiduciary duty, to buy or sell that company's securities or recommend such purchases or sales." *See* Ex. A at 1 (The Bank of New York Mellon Corporation Securities Firewalls). To resolve this conflict, BNY Mellon, as virtually all financial institutions have done, has implemented a "securities firewall" to prevent the trading of securities based on material non-public information.

The securities firewalls "separate the units or individuals that are likely to receive inside information (Potential Insider Functions) from the units or individuals that either trade in securities (for the Company's own account or for the account of others) or provide investment

BOIES, SCHILLER & FLEXNER LLP

The Honorable Richard M. Berman
October 19, 2012
Page 2 of 3

advice (Investment Functions)." Ex. A at 1. Accordingly, BNY Mellon's business operations are divided into a "private side" with "Potential Insider Functions," and a "public side" with "Investment Functions." Because the Program trades "in securities" "for the account of others," *i.e.* clients, it is a public-side function within BNY Mellon. *Id.*

The discovery record in this case illustrates that the securities firewall policy applied to the securities lending program. Thomas Ford, the head of securities lending between 1996 and 2008, testified that:

> There is an incredibly well-enforced Chinese wall in all of the major financial institutions. So if that concern was developed via nonpublic information, there is absolutely no way they were permitted to convey that to units who needed to operate their activity based on public information. It virtually is against the wall.

Ford (2/2/2011) Dep. at 135:13-21; *see also id.* at 134:21-135:3 ("Our decisions, there was a very professionally trained and positioned group assigned to our investment portfolio which availed itself to every possible source of public information, but was not entitled to nonpublic information.").

Plaintiff in this case has made a number of attempts to rely on the information gathered solely from the private side. For example, Plaintiff previously identified a number of witnesses on its Rule 26(a)(3) disclosure to testify at trial, as well as numerous documents containing information exclusively from the private-side business of BNY Mellon. BNY Mellon seeks the Court's leave to move to exclude such evidence on the following grounds. First, the private-side evidence is, as a matter of law, irrelevant to this case. In *Bd. of Trs. of the AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*, 2011 WL 3477219 (S.D.N.Y. Aug. 5, 2011) ("*AFTRA*"), the plaintiff attempted to support its breach of fiduciary duties claim against the securities lending

BOIES, SCHILLER & FLEXNER LLP

The Honorable Richard M. Berman
October 19, 2012
Page 3 of 3

operations of JPMorgan Chase ("JPM") with evidence taken from the private side of JPM's business. In advance of trial, Judge Scheindlin granted summary judgment to JPM holding that, as a matter of law, JPM's private-side actions were not taken "in a fiduciary capacity" for purposes of ERISA liability, and thus could not serve as the basis of an ERISA claim. *AFTRA*, 2011 WL 3477219, at *10 (quoting *In re Morgan Stanley ERISA Litig.*, 696 F. Supp. 2d 345, 353 (S.D.N.Y. 2009)).

Second, the private-side evidence should be excluded because, while legally irrelevant, they are misleading to the fact finder. Fed. R. Evid. 403 allows the exclusion of even relevant evidence if the evidence's probative value is outweighed by the danger of "unfair prejudice, confusion of the issues, or misleading the jury…" Evidence that *appears* relevant, but actually is not, creates particular risks and must be excluded. *See Rigby v. Beech Aircraft Co.*, 548 F.2d 288 (10th Cir. 1997). Moreover, exclusion of evidence under Rule 403 is particular appropriate when the adversary system could not properly cure the use of misleading evidence because "the attempt to rebut the misleading inference is likely to lead the jury to infer that the evidence is of greater probative worth than it truly is." 22 Fed. Prac. & Pro., Evidence § 5217. Here, the private-side evidence is irrelevant but is particularly prone to mislead the fact finder because, though irrelevant, it may *appear* to be relevant because it contains information concerning Lehman.

Respectfully submitted,

*Damien Marshall* (signature)

Damien J. Marshall

Enclosure
cc:   Stephen Astley

> The Court recommends that the parties focus their attention upon resolution with Judge Pack, + does not perceive the need for further MOTION practice.
>
> SO ORDERED:
> Date: 10/23/12
> *Richard M. Berman*
> Richard M. Berman, U.S.D.J.