**Robbins Geller Rudman & Dowd LLP**

Atlanta     Melville     San Diego
Boca Raton    New York    San Francisco
Chicago     Philadelphia    Washington, DC

Stephen R. Astley
SAstley@rgrdlaw.com

MEMO ENDORSED January 31, 2013
P³



CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

VIA OVERNIGHT DELIVERY



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _2_/_1_/_13_

The Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

     Re:    *Bd. of Trs. of S. Cal. IBEW-NECA Defined Contribution Plan v. Bank of New York Mellon Corp.*, No. 09-CV-6273 (RMB) (AJP) (S.D.N.Y.)

Your Honor:

     Pursuant to Rule 2.A of the Court's Individual Practices, I write on behalf of Plaintiff in the above-referenced matter to request a pre-motion conference before moving for an award of attorneys' fees and costs under section 502(g)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA") following the parties' resolution of this action. The Court referred this matter to Magistrate Judge Andrew J. Peck on September 10, 2012 to facilitate settlement discussions [Dkt. No. 239]; Magistrate Judge Peck convened a conference on October 22, 2012 [Dkt. No. 240]; and on November 16, 2012, the parties notified the Court of their agreement in principle to resolve the litigation. Dkt. No. 242. Over the ensuing weeks, negotiations continued over the terms of the parties' settlement agreement, particularly with regard to Plaintiff's request for payment of its attorneys' fees.

     On January 3, 2013, Magistrate Judge Peck issued an Order of Dismissal on Consent effectively closing the case but allowing either party 30 days to reinstate the action "if the settlement

**Robbins Geller
Rudman & Dowd** LLP

is not fully effectuated or if there is a need for the Court to resolve any issue as to attorneys' fees."

Dkt. No. 243. The final terms of the parties' settlement have since been agreed to and memorialized,

though there was no agreement as to Plaintiff's requested fees. Instead, Plaintiff reserved its right to

move the Court for an award of attorney's fees and costs pursuant to ERISA section 502(g)(1).

As the Court is aware, district courts are afforded discretion under ERISA to award "a

reasonable attorney's fee and costs of action to either party" in actions such as this. 29 U.S.C.A. §

1132(g)(1). To that end, the United States Supreme Court recently held in *Hardt v. Reliance*

*Standard Life Ins. Co.*, 130 S. Ct. 2149, 2158 (2010), that a fees claimant need only show "some

degree of success on the merits" to justify an award under ERISA. Though no longer required

according to *Hardt*, district courts in this Circuit also consider the following five factors when

presented with an ERISA fees request: (1) the degree of the offending party's culpability or bad

faith; (2) the ability of the offending party to satisfy an award of attorney's fees; (3) whether an

award of fees would deter other persons from acting similarly under like circumstances; (4) the

relative merits of the parties' positions; and (5) whether the action conferred a common benefit on a

group of pension plan participants. *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d

869, 871 (2d Cir. 1987). Plaintiff strongly believes its achievement in this litigation satisfies both

the *Hardt* and *Chambless* standards.

By terms of the agreement, Defendants have reserved their right to oppose Plaintiff's fees

request. Accordingly, the parties have conferred on the matter and agreed to the following proposed

briefing schedule for the Court's approval:

The Honorable Richard M. Berman
January 31, 2013
Page 3

- Plaintiff's motion to be filed within 60 days of the Court's pre-motion conference;

- Defendant's opposition to be filed within 60 days of filing of Plaintiff's motion; and

- Plaintiff's reply to be filed within 30 days of filing of Defendant's opposition.

Should the Court see no need for a pre-motion conference, Plaintiff respectfully requests leave to file

its motion within 60 days of the Court's endorsement.

Respectfully submitted,

STEPHEN R. ASTLEY

cc:    The Honorable Andrew J. Peck
       Damien J. Marshall, Esq. (*via* email)

Conference on 2/7/13 @ 11:00
AM. Letter brief re: fees 1 week
thereafter + Def response 1
week after that. Pl's counsel
can submit attorney time
sheets at or before the conference.

SO ORDERED:
Date: 2/1/13

Richard M. Berman, U.S.D.J.