BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7TH FLOOR • NEW YORK, NY 10022 • PH. 212.446.2300 • FAX 212.446.2350

February 6, 2013

*Counsel to seek in good faith to settle before the conference*
**SO ORDERED:**
RICHARD M. BERMAN, U.S.D.J.
2/6/13

**RECEIVED FEB 06 2013 CHAMBERS OF RICHARD M. BERMAN U.S.D.J.**

**BY HAND DELIVERY**

The Honorable Richard J. Berman
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *Bd. of Trustees of S. Cal. IBEW-NECA Defined Contribution Plan v. Bank of N.Y. Mellon Corp.*, No. 09-CV-6273 (RMB) (S.D.N.Y.)

**MEMO ENDORSED**

Your Honor:

We represent defendants ("BNY Mellon") in the above referenced matter and write in response to plaintiff's January 31, 2013 letter regarding plaintiff's request for an award of attorney fees.

The first (and fatal) problem with plaintiff's request is that plaintiff has not achieved any degree of success in this litigation because BNY Mellon simply has extended the same loss support offer to plaintiff that it has – since 2008 – offered to *all* its similarly-situated clients, and no more. Specifically, shortly after the collapse of Lehman, BNY Mellon announced that it would support a portion of its clients' (including plaintiff's) net losses on Lehman notes that were held in securities lending collateral accounts. This support was offered as a sign of partnership to BNY Mellon's clients at a time of historic market disruption. BNY Mellon did not seek a litigation release in exchange for the support, but instead simply asked that its clients remain in the securities lending program for 3 years to qualify for the support.[1] Under the terms of the loss support offer, BNY Mellon would have paid 30% of plaintiff's $2.1 million net Lehman loss, or $630,000.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/6/13

---

[1] This was the only condition of the loss support offer. Plaintiff has satisfied this condition.

Unlike most of BNY Mellon's clients, plaintiff did not accept the support offer and instead commenced this action on July 13, 2009.[2] In a November 6, 2009 letter, BNY Mellon revoked the support offer to plaintiff, stating that BNY Mellon would be willing to reinstate the prior offer, but not while the litigation was pending. Since then, BNY Mellon has expressed its ongoing willingness to reinstate the prior offer, provided the lawsuit was dismissed.

Rather than accept this invitation, plaintiff elected to continue on with this litigation. This litigation has been protracted, contentious and plain wasteful of the resources of the parties and the Court. In the end, after more than 3 years of litigation, the parties agreed to enter into a Confidential Mutual Release Agreement under which plaintiff dismissed this action and released its claims in exchange for $630,000—the *exact same amount* to which Plaintiff would have been entitled under the support offer first made in 2008.

As plaintiff admits, in order to qualify for an award of fees under ERISA, a plaintiff must have "achieved some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. —, 130 S. Ct. 2149, 2152 (2010) (internal quotation and citation omitted). The Supreme Court explained:

> [a] claimant does not satisfy [the some degree of success] requirement by achieving trivial success on the merits or a purely procedural victory, but does satisfy it if the court can fairly call the outcome of the litigation a success without conducting a lengthy inquiry into the question of whether a particular party's success was substantial, or occurred on a central issue.

*Id.* Here, the record establishes that this litigation conferred no benefit on the plaintiff and cannot fairly be called a success for the plaintiff.

This case has been resolved by the agreement of the parties, not a judicial decision. While an agreed-upon resolution can – in some cases – justify a fee award under ERISA, courts

---

[2] The formal letter agreement for accepting the offer was sent to clients on or about May 1, 2009—two months before this litigation was filed.

in this District have been clear that an ERISA fee award is appropriate only if the plaintiff received virtually all of the relief sought in the complaint. See Taaffe v. Life Ins. Co. of Am., 769 F. Supp. 2d 530, 542 (S.D.N.Y. 2011) (some degree of success where the defendant agreed to give plaintiff "everything she demanded in her complaint"); Adler v. Raynor, No. 09-cv-8877, 2011 WL 5024412, at *2-3 (S.D.N.Y. Oct. 20, 2011) (holding a settlement agreement did not constitute a degree of success because the settlement did not award plaintiff most of the relief sought). Here, the resolution did not provide plaintiff with "everything it demanded," or even some sizable portion of plaintiffs' demand. Instead, plaintiff received nothing more than what BNY Mellon had previously offered to it shortly after the Lehman default in 2008. In fact, plaintiff is arguably in a worse position than if this litigation were never brought because of the burdens of pursuing this litigation and the delay in receiving the support.[3]

Even if plaintiff could demonstrate the requisite degree of success, it still would not be entitled to recover fees. In particular, BNY Mellon anticipates that the vast majority of the fees plaintiff will seek in this matter relate to plaintiff counsel's attempt to bring this matter as a class action. Because the Court denied Plaintiff's claim for class certification, any fees for work related to Plaintiff's class claims are per se unrecoverable.

We look forward to discussing these matters at the conference on Thursday.

            Respectfully Submitted,

            Dan Marshall

            Damien J. Marshall

cc: Stephen Astley

---

[3] On this record, if any party is entitled to recover its fees, it would be BNY Mellon. However, to facilitate resolution of this matter, BNY Mellon has elected to not pursue fees either under ERISA or the parties' agreement.